IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DANA SCANLAN, | CIV. NO. 26-00069 LEK-RT |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION TO DISMISS THIS ACTION |
| STATE ACTORS AND OFFICIALS, IN THEIR OFFICIAL CAPACITIES; ET AL. | |
| Defendants. | |

## FINDINGS AND RECOMMENDATION TO DISMISS THIS ACTION

There is currently no operative complaint in this case.  On March 31, 2026, the undersigned magistrate judge filed a *Findings and Recommendation to Grant Application to Proceed in District Court Without Prepaying Fees or Costs and Dismiss the First Amended Complaint* ("F&R"), which recommended the dismissal of the *First Amended Complaint* without prejudice and with leave to amend.  ECF No. 21.  On April 20, 2026, the district judge issued an *Order Adopting Magistrate Judge's Findings and Recommendations* ("Order").  ECF No. 24.  Nearly two months elapsed but Plaintiff Dana Scanlan ("Plaintiff"), who is proceeding pro se, did not file her second amended complaint.  On June 8, 2026, was given leave to file a second amended complaint by no later than June 18, 2026.  ECF No. 26.

Plaintiff was cautioned that "**[f]ailure to do so will result in this case being closed.**"  ECF No. 26 (emphasis in original).

## I.        An Extension was Previously Permitted

On June 17, 2026, the day before the deadline to file the second amended complaint, Plaintiff filed an Emergency Motion for Extension of Time ("First Extension Request).  ECF No. 28.  Plaintiff requested a sixty (60)-day extension, citing and briefly explaining that personal hardship prevented her from meeting the deadline.  *Id*. at PageID.244.  The Court granted in part and denied in part the First Request.  ECF No. 29.  Plaintiff was granted an extension from June 18, 2026 to July 2, 2026, but her request for a sixty (60)-day extension was denied.  *Id*.  However, Plaintiff did not meet the July 2, 2026 deadline.

On July 6, 2026, four (4) days past the deadline, Plaintiff filed an *Emergency Notice of Newly Admitted Expert Evidence, Continuing Irreparable Harm, and Request for Extensions of Time to File Second Amended Complaint* ("Second Extension Request").  ECF No. 30.  ECF No. 30.  Citing the Ninth Circuit requirement that a pro se plaintiff's complaint should be construed liberally, Plaintiff alleges that, *inter alia*, the admission of an expert's affidavit into evidence constitutes good cause for the extension of time.

It is true that the courts are required to construe the inartful pleadings of pro se litigants liberally.  *See Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th

2

Cir. 2003) (citations omitted).  However, this liberal standard does not excuse pro se litigants from complying with the applicable rules.  The *Local Rules of Practice for the United States District Court for the District of Hawaii* ("Local Rules" or "LR") unequivocally state, "Pro se litigants shall abide by all local, federal, and other applicable rules and/or statutes.  Sanctions, including but not limited to . . . dismissal with prejudice, may be imposed for failure to comply with the Local Rules."  LR81.1(a).  There has been no admission of an expert's affidavit into evidence in this case, Plaintiff failed to comply with the July 2, 2026 deadline and Plaintiff's *Second Extension Request* is untimely.  The Court found that Plaintiff failed to demonstrate good cause for an extension and denied the *Second Extension Request*.  ECF No. 31.

## II.    Dismissal for Failure to Prosecute.

It is well-established that the Court may dismiss an action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).  *States S. S. Co. v. Philippine Air Lines*, 426 F.2d 803, 804 (9th Cir. 1970).   The overarching theme of Rule 41(b) is to encourage a plaintiff to prosecute his case with "reasonable diligence".  *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976).  In addition, *Local Rule* 16.1 directs all litigants to "proceed with diligence to take all steps necessary to bring an action to readiness for trial."   When a litigant fails to prosecute the

3

case with such diligence, the court may impose sanctions, including dismissal of the case.  LR16.1.

"District courts have inherent power to impose sanctions to manage their cases and courtrooms effectively, ensure the orderly administration of justice, and to enforce compliance with their orders." *Smith v. Premiere Valet Servs., Inc.*, Case No.: CV 19-09888-CJC(MAAx), 2022 WL 1153368, at *8 (C.D. Cal. Mar. 4, 2022) (citing *Int'l Union, United Mine Workers of Am. V. Bagwell*, 512 U.S. 821, 831 (1994); *Aloe Vera of Am., Inc. v. United States*, 376 F.3d 960, 965 (9th Cir. 2004)) (citation omitted).  "Indeed, 'district courts cannot function efficiently unless they can effectively require compliance with reasonable rules.   Absence of meaningful power to require that compliance would make for disorder and preclude effective judicial administration at the trial court level.'"  *Id*. (quoting *Chism v. Nat'l Heritage Life Ins. Co.*, 637 F.2d 1328, 1332 (9th Cir. 1981), *overruled on other grounds by Bryant v. Ford Motor Co.*, 832 F.2d 1080 (9th Cir. 1987)).

In extreme circumstances, a court may use its inherent power to impose terminating sanctions against a party that "repeatedly and willfully violates its orders."  *Id*. (citing *Fed. R. Civ. P.* 16(f)(1); *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006)).   "Dismissal is appropriate only when a court finds that the party's conduct demonstrates willfulness, fault, or bad faith."  *Id*. (citing *Leon*,

4

464 F.3d at 958).   "Disobedient conduct not shown to be outside the control of the litigant" is sufficient to demonstrate willfulness, bad faith or fault.   *Id*. at *9 (citing *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 948-49 (9th Cir. 1993)).

During the pendency of this action, this Court has been generous in providing Plaintiff with reasonable time and opportunity to satisfy the most basic litigation obligations, namely to comply with court orders and deadlines to file an amended complaint.   Moreover, the Court plainly warned Plaintiff on at least two occasions that her failure to timely file a second amended complaint would result in this case being closed.   ECF Nos. 26 & 29.   Notwithstanding reasonable opportunity and fair warning, she has failed to file the second amended complaint and otherwise diligently prosecute this action.

To determine whether to dismiss a case for lack of prosecution, the court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendant[ ]; (4) the availability of less drastic alternatives; and (5) the public policy favoring the disposition of cases on their merits" ("Pagtalunan factors"). *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

For the reasons set forth below, the Court finds that dismissal of this action is appropriate given Plaintiff's failure file a second amended complaint and otherwise

comply with the Court's clear directives and deadlines.   **First**, the public's interest in expeditious resolution of this litigation weighs in favor of dismissal because this case has been pending since February 12, 2026, and yet there is no operative complaint.   To date, nearly five (5) months have elapsed since the filing of the initial *Complaint*, over three (3) months since the *F&R* was filed, and over two (2) months since the district judge's *Order* adopting the undersigned's recommendations to dismiss the FAC with leave to file a second amended complaint.   ECF Nos. 1, 21 & 24.   That we are currently still without an operative complaint is solely attributed to Plaintiff's conscious inaction and lack of diligence in resolving this case on an expeditious manner.

**Second**, the Court's need to manage its docket weighs strongly in favor of dismissal because Plaintiffs' failure to timely file a second amended complaint has interfered with the Court's ability to manage its docket.  Plaintiff's lack of diligence has prevented the Court from doing its most basic and fundamental functions, such as convening a Rule 16 scheduling conference and entering a scheduling order.  Without a scheduling order, it is impossible to address, much less resolve the substantive claims and issues in this case.  Plaintiffs' non-compliance with the Court's directives and deadlines has effectively stalled these proceedings and prevented it from efficiently managing this case.  The Court has been required to schedule and needlessly reschedule court proceedings and

deadlines all because Plaintiff's failure to be a diligent, responsible litigant.  This has required the Court to unnecessarily devote time and attention to a case that Plaintiff is not diligently pursuing.

**Third**, the risk of prejudice to Defendants is potentially great.   Defendants will suffer prejudice if this case continues to languish without Plaintiff meeting her most basic obligations to follow court orders and deadlines, file a legally sufficient pleading, and otherwise diligently prosecute this action.  Plaintiff's non-compliance and inaction has impaired Defendants' right to notice, service and defend themselves.  Ultimately, this threatens interference with the resolution of this case.  *See Pagtalunan*, 291 F.3d at 642 (citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)).

**Fourth**, under the circumstances of this case, less drastic sanctions short of a dismissal would not be effective.  The Court has twice reminded Plaintiff to file a second amended complaint and provided ample time to do so, yet all of this has been for naught.  ECF Nos. 26 & 29.  Given the foregoing, the Court finds that it would be futile to recommend a lesser sanction because Plaintiff has failed to comply with the Court's prior directives and otherwise take the necessary steps to prosecute this action.

**Fifth** and finally, public policy favors disposition of cases on their merits. *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).  This factor

weighs against dismissal. *Id*. However, this Court finds that because four of the factors weigh in favor of dismissal, this final factor is outweighed. Accordingly, dismissal is appropriate.

Notwithstanding this Court's finding that dismissal is warranted, the Court does not find sufficient grounds to support dismissal with prejudice. The Court finds that four of the five *Pagtalunan* factors weigh in favor of dismissal; however, under these circumstances, these factors do not weigh "strongly" in favor of dismissal. *Cf. In re Lagmay*, Civ. No. 15-00166 DKW-RLP, 2015 WL 5970667, at *2 (D. Haw. Oct. 13, 2015), aff'd sub nom., *Lagmay v. Nobriga*, No. 15-17068, 2016 WL 7407294 (9th Cir. Dec. 22, 2016) (dismissal with prejudice is appropriate when at least three of the *Pagtalunan* factors weigh "strongly" in support of dismissal). Accordingly, the Court finds that dismissal is appropriate and recommends that the district court dismiss this case without prejudice.

**CONCLUSION**

Based upon the foregoing, this Court **FINDS** that Plaintiff has not been diligent and has failed to file a second amended complaint as directed by the Court. Accordingly, there being no operative complaint, this Court **RECOMMENDS** this case be **DISMISSED WITHOUT PREJUDICE** and **CLOSED**.

//

//

8

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, July 13, 2026.



Rom A. Trader
United States Magistrate Judge

---

Civ. No. 26-00069 LEK-RT;  *Dana Scanlan vs. State Actors and Officials, in Their Official Capacities, et al.*;  Findings and Recommendation to Dismiss This Action